John G. Crist
CRIST, KROGH, ALKE & NORD, PLLC
2708 1st Avenue North, Suite 300
Billings, MT 59101
Telephone: (406) 255-0400
Facsimile: (406) 255-0697
Email: jcrist@cristlaw.com

*Attorneys for Plaintiffs DMN Auto Holdings, LLC and DMN Real Estate Holdings, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DMN Auto Holdings, LLC and DMN Real Estate Holdings, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Rimrock, LLC d/b/a Mercedes-Benz of Billings, Rimrock II, LLC, and Rimrock Auto Group, Inc.<br><br>Defendants. | **PLAINTIFFS' COMPLAINT AND JURY DEMAND** |

Plaintiffs, DMN Auto Holdings, LLC and DMN Real Estate Holdings, LLC, for their Complaint against Defendants Rimrock, LLC d/b/a Mercedes-Benz of Billings, Rimrock II, LLC, and Rimrock Auto Group, Inc. state as follows:

4813-5413-9625.v1

## I. PARTIES

1. Plaintiff DMN Auto Holdings, LLC ("DMN Auto"), is a Montana LLC. Its sole member is David MacNeil, a citizen of the State of Florida.

2. Plaintiff DMN Real Estate Holdings, LLC ("DMN Real Estate"), is a Montana LLC. Its sole member is David MacNeil, a citizen of the State of Florida.

3. Defendant Rimrock, LLC d/b/a Mercedes-Benz ("Rimrock Mercedes-Benz") is a Montana LLC. Its sole member is Rimrock Auto Group, Inc. ("Rimrock Auto") a Montana Corporation that owns and operates businesses in Billings, Montana. Stephen Zabawa and John Soares, both of whom are citizens of the State of Montana, are the sole shareholders of Rimrock Auto Group, Inc.

4. Defendant Rimrock II, LLC ("Rimrock II") is a Montana LLC. Its members are Stephen Zabawa and John Soares, both of whom are citizens of the State of Montana.

## II. VENUE AND JURISDICTION

5. Venue is proper in this Court because the events alleged herein involve breaches of contract with respect to real and personal property located in Yellowstone County, Montana, which is located in the Billings Division of the United States District Court.

6. This Court has jurisdiction in this case because complete diversity exists among the parties and Plaintiffs' claimed damages in this case exceed $75,000.

### III.   FACTS

**The Sale of the Automobile Dealership.**

7. Rimrock Mercedes-Benz owns and operates an automobile dealership at 3045 King Avenue West in Billings, Montana.

8. On January 4, 2021, DMN Auto, Rimrock Mercedes-Benz and Rimrock Auto entered into an Asset Purchase Agreement ("APA") for the purchase and sale of the assets of the automobile dealership owned and operated by Rimrock Mercedes-Benz. A true and accurate copy of the APA is attached hereto as Exhibit "1".

9. The APA contained several representations and warranties made by both Rimrock Mercedes-Benz and Rimrock Auto for the benefit of DMN Auto. Both Rimrock Mercedes-Benz and Rimrock Auto are jointly and severally obligated to indemnify DMN Auto for any breach of the representations and warranties.

10. The APA provided that DMN Auto would pay $4.9 million for the value of the good will or blue sky of Rimrock Mercedes-Benz, plus certain

amounts to be determined in accordance with the APA for (a) fixed assets, (b) parts and accessories, and (c) motor vehicles and work in progress.

11. With respect to the fixed assets, the parties agreed that DMN Auto would pay and Rimrock Mercedes-Benz would accept the market value for the fixed assets as of the closing date as determined by an independent appraisal conducted by a mutually agreeable appraiser.

12. With respect to the parts and accessories, the parties agreed that the value was to be determined by a physical inventory to be prepared by a parts inventory specialist mutually agreed upon by the parties, less all multi-purchase discounts actually received or to be received by Rimrock Mercedes-Benz.

13. With respect to the motor vehicles and work in progress, the values were to be determined in accordance with the terms of the APA at or near closing.

14. The parties initially agreed that the sale would close on February 15, 2021 or ten days after the approval of the sale by Mercedes-Benz USA, LLC, whichever was later. The parties executed a First Amendment of the APA in which they agreed the closing would be March 31, 2021 or ten days after the approval of the sale by Mercedes-Benz USA, LLC, whichever was later. Subsequently, the parties executed a Second Amendment of the APA in which they agreed the closing would be April 19, 2021 or ten days after the approval of the

4813-5413-9625.v1

sale by Mercedes-Benz USA, LLC, whichever was later.  The Second Amendment also set an April 30, 2021 date to complete the transaction.

15. Between the execution of the APA and Closing date, the parties had to complete a substantial amount of work to, among other things, calculate the value of various assets to be sold, insure that Rimrock Mercedes-Benz had and could transfer clean title to the assets being purchased, and prepare necessary documents to transfer various assets to DMN Auto.

16. The required approvals from Mercedes-Benz USA, LLC were obtained prior to April 20, 2021.  DMN Auto fully performed its obligations under the APA.

17. In contrast, Rimrock Mercedes-Benz failed and defaulted upon numerous obligations it was required to perform in advance of closing.  For example, DMN Auto requested that Rimrock Mercedes-Benz designate an appraiser to perform a valuation of the fixed assets on March 26, 2021, March 31, 2021, April 6, 2021, April 8, 2021, April 12, 2021 and April 20, 2021.  Despite these repeated requests, Rimrock Mercedes-Benz failed and refused to do so. Similarly, Rimrock Mercedes-Benz failed and refused to select an inventory company to value the parts and accessories as required by the APA despite being requested to do so in writing by DMN Auto on March 31, 2021 and April 21, 2021, after it had provided Rimrock Mercedes-Benz multiple selections.

18. On April 20, 2021, April 22, 2021 and April 23, 2021, DMN Auto advised the Rimrock Mercedes-Benz in writing, that it was ready, willing and able to close on the purchase of the APA on or before April 30, 2021. DMN Auto required no financing to close the transaction and had immediately available funds.

19. Rimrock Mercedes-Benz failed to agree to close. On April 23, 2021, its counsel admitted that it was not ready, nor able, to close on the APA. Specifically, he admitted that Rimrock Mercedes-Benz: (a) could not meet the April 30, 2021 closing date; (b) would not be able to complete the valuation of the "FF&E" (the fixed assets), and (c) had "many, many" issues raised by the title company that Rimrock Mercedes-Benz had not addressed.

20. Counsel for Rimrock Mercedes-Benz and Rimrock II requested DMN Auto and DMN Real Estate agree to continue the closing until June 1, 2021 for the APA and the Real Estate Contract (the "REC"). To that end, he prepared a Third Amendment to the APA and a Third Amendment to the REC to extend the closing dates to June 1, 2021. After minor edits, a final version of both documents was agreed to, and he then sent that document to DMN Auto and DMN Real Estate, through its counsel, and asked him to "circulate for signature". DMN Auto and DMN Real Estate executed both Third Amendments and DMN Real Estate executed the Real Estate Contract Addendum and returned them to Seller's

counsel, but Rimrock Mercedes-Benz and Rimrock II failed and refused to sign the amendments that its own counsel had requested, drafted and sent to DMN Auto and DMN Real Estate for execution.

21. Rimrock Mercedes-Benz defaulted on its obligations under the APA in the following ways:

    a. Failure to close the Asset Purchase Agreement when the Buyer was ready, willing and able to purchase on or before April 30, 2021, although advised by the Purchaser on April 20, 2021, April 22, 2021 and April 23, 2021 that the Purchaser was ready, willing and able to close the transaction.

    b. Failure to designate a Furniture, Fixtures and Equipment appraiser, although requested to do so by the Buyer, in writing, on March 26, 2021, March 31, 2021, April 6, 2021, April 8, 2021, April 12, 2021 and April 20, 2021.

    c. Failure to comply with Mercedes-Benz USA LLC's requirement, tendered to Seller, of preparing and forwarding the $4,000,000 addendum to the Real Estate Contract between Rimrock II LLC and DMN Real Estate Holdings, LLC dated January 4, 2021 (hereinafter referred to as the "Real Estate Contract"), which Mercedes-Benz USA LLC required to have DMN Auto Holdings, LLC execute its dealer sales and service agreements.

    d. Failure to provide UCC searches as required by the Asset Purchase Agreement.

    e. Failure to provide tax searches as required by the Asset Purchase Agreement.

    f. Failure to provide judgment searches as required by the Asset Purchase Agreement.

    g. Failure to comply with the bulk sales requirements of the Asset Purchase Agreement.

    h.    Failure to file an application for a Tax Certificate from the Montana Department of Revenue as required by the Asset Purchase Agreement.

    i.    Failure to select an inventory company to value the Dealership's parts and accessories as required by the Asset Purchase Agreement although requested by Buyer, in writing, on March 31, 2021 and April 21, 2021, after Buyer had provided Seller multiple selections.

    j.    Failure to resign as the dealer as required by the Asset Purchase Agreement.

    k.    Failure to provide closing documents in anticipation of closing as required by the Asset Purchase Agreement.

    l.    Failure to provide closing deliveries as required by the Asset Purchase Agreement.

    m.    Failure to transfer customer records as required by the Asset Purchase Agreement.

    n.    Failure to assign intellectual property, domain names, d/b/a's, telephone numbers and facsimile numbers as required by the Asset Purchase Agreement.

    o.    Failure to release encumbrances, and provide a lien-free transfer of assets as required by the Asset Purchase Agreement.

    p.    Failure to provide written inventories as required by the Asset Purchase Agreement.

    q.    Failure to assign assignable contracts as required by the Asset Purchase Agreement.

22.    Additionally, both Rimrock Mercedes-Benz and Rimrock Auto breached several of the representations and warranties. Specifically:

    a.    The Seller provided inaccurate financial statements.

4813-5413-9625.v1

    b.      The Seller did not have, nor provide for closing, good and marketable title to its asset and properties subject to no mortgage, conditional sales agreement, charges, liens and encumbrances.

    c.      The Seller's dealership was not Mercedes-Benz USA LLC Autohaus 2 compliant for closing, and

    d.      The Seller failed to maintain its new vehicle inventory in a manner consistent with Seller's past practices.

23.    On April 28, 2021, DMN Auto sent Rimrock Mercedes-Benz a Notice of Default, a true and accurate copy of which is attached as Exhibit "2".

**The Sale of the Real Property.**

24.    Rimrock II owns certain real estate located at 3045 King Avenue West in Billings, Montana, which it leased to Rimrock Mercedes-Benz for the operation of its automobile dealership.

25.    On January 4, 2021, DMN Real Estate and Rimrock II entered into a Real Estate Contract ("REC") for the purchase and sale of certain real property owned and operated by Rimrock II.  The obligation to purchase the real property was contingent upon the completion of the asset acquisition in accordance with the APA.  A true and accurate copy of the REC is attached hereto as Exhibit "3".

26.    The parties agreed that the sale would close on the same day that the sale under the APA would close.  Pursuant to the APA, as amended, the closing date for the sale was April 30, 2021.

27. Under the REC, the purchase price for the real property was to be determined by an appraisal process. Each side selected a qualified person to appraise the real property and, if their values were within 10% of one another, the purchase price was the average of the two appraised values. If the values were not within 10% of one another, the two appraisers selected a third, independent appraiser whose appraisal would establish the purchase price.

28. The values determined by the parties' selected appraisers were not within 10%. DMN Auto's appraisal valuation was $3,515,000. Rimrock II's appraisal valuation was $6,650,000. The third, independent appraiser was then selected, and he determined the value of the real estate to be $4 million, well below the figure determined by the appraiser for Rimrock II.

29. DMN Real Estate fully performed its obligations under the REC. It accepted and was prepared to pay the appraised value for the real estate, as determined by the third, independent appraiser.

30. Rimrock II was unhappy with the appraised value and Zabawa attempted to improperly influence the independent appraiser to change his valuation by requesting that he consider an additional, allegedly comparable property in Laurel, Montana. Ironically, DMN's initial appraiser had considered that property in creating his appraisal, while the initial appraiser for Rimrock II had

not considered that property. In any event, the independent appraiser refused to alter his appraisal, despite Zabawa's efforts to influence him.

31. Mercedes-Benz USA, LLC requested that Rimrock II provide an Addendum to the REC to be executed by both parties confirming the $4 million appraised value per the final appraisal. Rimrock II has failed and refused to do so.

32. On April 20, 2021, April 22, 2021 and April 23, 2021, DMN Real Estate advised the Rimrock II in writing, that it was ready, willing and able to close on the purchase of the real property on or before April 30, 2021. DMN Real Estate required no financing to close the transaction and had immediately available funds.

33. Rimrock II failed to agree to close. As discussed in paragraphs 19 and 20, above, on April 23, 2021, its counsel admitted that Rimrock II was not ready, nor able, to close on the REC for multiple, stated reasons. Counsel for Rimrock Mercedes-Benz and Rimrock II requested an extension of the closing until June 1, 2021 for both the APA and the REC, prepared Amendments to both agreements to that effect, and sent that document to DMN Auto and DMN Real Estate, through its counsel, and asked him to "circulate for signature". Both entities executed the Third Amendments, but Rimrock Mercedes-Benz and Rimrock II failed and refused to sign the amendments.

34. Rimrock II has defaulted on its obligations under the REC in the following ways:

   a. Failure to close the purchase and sale pursuant to the Real Estate Contract on or before April 30, 2021, although advised by the Purchaser on April 20, 2021, April 22, 2021 and April 23, 2021 that the Purchaser was ready, willing and able to close the transaction.

   b. Purposely, and knowingly, providing an inflated Seller's appraisal of the real estate, violating the implied covenant of good faith and fair dealing contained in the Real Estate Contract.

   c. The Seller, through its member, Steve Zabawa, directly contacted the independent Third Party Appraiser for an ex parte conversation, in violation of the Real Estate Contract and the Appraisal Contract executed by Seller.

   d. The Seller, through its member, Steve Zabawa, attempted to have the independent Third Party Appraiser change its opinion of value, claiming that the Third Party Appraiser missed a sales comparable while knowing that the comparable cited by Zabawa was not considered by Seller's other appraiser to this transaction.

   e. Failure to comply with Mercedes-Benz USA LLC's requirement, tendered to Seller, of preparing and forwarding a fair market value addendum to the Real Estate Contract, including the $4,000,000 value determined by the Third Party Appraiser pursuant to the Real Estate Contract, which Mercedes-Benz USA LLC required to have DMN Auto Holdings, LLC execute its dealer sales and service agreements when requested by Mercedes-Benz USA LLC to do so.

   f. Failure to comply with First American Title Insurance Company's requirements of (a) Title Commitment Schedule B, Part I, items: 8 (purchase price); (b) 12 (zoning letter for issuance of the requested zoning endorsement) and (c) 13 (provider letters for issuance of the Utility Access endorsement).

4813-5413-9625.v1

    g. Failure to provide Seller closing documents in anticipation of a closing on or before April 30, 2021.

    h. Failure to provide closing deliveries for closing on or before April 30, 2021.

    i. Failure to close the Asset Purchase Agreement between Rimrock, LLC and DMN Auto Holdings, LLC dated January 4, 2021 (hereinafter referred to as the "Asset Purchase Agreement") pursuant to Paragraphs 5 and 14 of the Real Estate Contract when the Buyer under the Asset Purchase Agreement was ready, willing and able to close the purchase pursuant to the terms of the Asset Purchase Agreement;

35. On April 28, 2021, DMN Real Estate sent Rimrock II a Notice of Default, a true and accurate copy of which is attached as Exhibit "4".

## CLAIMS FOR RELIEF

### Count I – Specific Performance – APA – Rimrock Auto

36. DMN Auto realleges and incorporates paragraphs 1 – 35, above.

37. Under Montana law, a person is entitled to specific performance of a contract where the parties have agreed in writing that specific performance may be required in the event one party has breached the contract.

38. In paragraph 21 of the APA the parties have agreed that "[i]f this Agreement is terminated due to Seller's and/or Dealer Principals' failure to perform . . . Buyer may sue for specific performance".

39. Rimrock Mercedes-Benz has breached numerous material terms of the APA and has failed and refused to perform its obligations under the APA.

4813-5413-9625.v1

40. DMN Auto is entitled to an order (a) requiring Rimrock Mercedes-Benz to specifically perform all of its obligations under the APA, (b) awarding DMN Auto all damages it incurs for the period of time from April 30, 2021 until Rimrock Mercedes-Benz completes all of its obligations under the APA and transfers the assets to DMN Auto, and (c) attorneys' fees and costs, as allowed by contract and law.

### Count II – Specific Performance – REC – Rimrock II

41. DMN Real Estate realleges and incorporates paragraphs 1 – 35, above.

42. Under Montana law, a person is entitled to specific performance of a contract where the parties have agreed in writing that specific performance may be required in the event one party has breached the contract.

43. In paragraph 30 of the REC the parties have agreed that "[i]f this Agreement is terminated due to Seller's failure to perform, Purchaser can . . . . sue for specific performance".

44. Rimrock II has failed and refused to perform its obligations under the REC.

45. DMN Real Estate is entitled to an order (a) requiring Rimrock II to specifically perform all of its obligations under the REC, (b) awarding DMN Real Estate all damages it incurs for the period of time from April 30, 2021 until

Rimrock II completes all of its obligations under the REC and transfers the assets to DMN Real Estate, and (c) attorneys' fees and costs, as allowed by contract and law.

### Count III – Breach of Representations and Warranties
### APA – Rimrock Mercedes-Benz and Rimrock Auto

46. DMN Auto realleges and incorporates paragraphs 1 – 35, above.

47. As set for in paragraph 34, above, Rimrock Mercedes-Benz and Rimrock Auto have breached several representations and warranties agreed to in the APA.

48. The breaches of representations and warranties have caused DMN Auto to incur damages.

49. Rimrock Mercedes-Benz and Rimrock Auto are jointly and severally liable to DMN Auto for all damages caused by their conduct, together with attorneys' fees and costs, as allowed by contract and law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court for relief as follows:

A. In connection with Count I, an order requiring Rimrock Mercedes-Benz to (i) specifically perform all of its obligations under the APA, (ii) pay all damages incurred by DMN Auto for their failure to close the transaction within the time required per the parties' agreement, and (iii) attorneys' fees and costs, as may be allowed by contract and law;

B.   In connection with Count II, an order requiring Rimrock II to (i) specifically perform all of its obligations under the REC, (ii) pay all damages incurred by DMN Real Estate for their failure to close the transaction within the time required per the parties' agreement, and (iii) attorneys' fees and costs, as may be allowed by contract and law

C.   In connection with Count III, an order requiring Rimrock Mercedes-Benz and Rimrock Auto to pay all damages caused by their breach of the warranties and representations, and attorneys' fees and costs, as may be allowed by contract and law.

D.   In connection with all of the above Counts, such other and further relief as the Court deems just and equitable.

DATED this 12th day of May, 2021.

CRIST, KROGH, ALKE & NORD, PLLC

By:   /s/ John G. Crist
         John G. Crist

*Attorneys for Plaintiffs DMN Auto Holdings, LLC and DMN Real Estate Holdings, LLC*

//

4813-5413-9625.v1

## **JURY DEMAND**

Plaintiffs request a trial by jury on all issues so triable.

DATED this 12th day of May, 2021.

                                      CRIST, KROGH, ALKE & NORD, PLLC

                                      By:   /s/ John G. Crist
                                                John G. Crist

                                      *Attorneys for Plaintiffs DMN Auto Holdings, LLC and DMN Real Estate Holdings, LLC*